UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ AGREDA<br>(A-Number: 095-003-565),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, California City Correctional Center; FIELD OFFICE DIRECTOR, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General, in their official capacities,<br><br>Respondents. | No.  2:26-cv-01273-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS<br><br>Doc. 1 |

Petitioner Daniel Ramirez Agreda is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The petition raises a due process claim that the Court has previously addressed.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.[1]  Doc. 7.  While respondents do not raise new legal arguments, they assert that this case is factually distinguishable because petitioner was arrested on state charges several weeks before his re-detention.  Docs. 6, 8.  Respondents state that immigration authorities arrested petitioner for violating his conditions of release from immigration custody.  Doc. 8 at 2.  But respondents do not present any evidence that petitioner was convicted of a state offense, and respondents do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c).  Respondents also acknowledge that, *after* the alleged violations, petitioner reported as requested for a scheduled check-in at an ICE office, where ICE detained him.  *See* Doc. 1 at 5.  While the alleged violations may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to petitioner's due process claim, for the reasons

---

[1] The Court previously set a briefing schedule on the motion for temporary restraining order and identified certain of its prior orders for respondents to address.  Doc. 5.  The briefing schedule on the petition was set after respondents noted facts that were not set out in the petition and motion for temporary restraining order, and which indicated that the legal issues in this case were addressed by the decisions identified on the first page of this Order.  Docs. 6, 7.

addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Daniel Ramirez Agreda (A-Number: 095-003-565) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on petitioner's due process claim.

3